

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-82,991-01

### EX PARTE HERBERT BERNARD GRIFFIN, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. D-1-DC-10-201329-A IN THE 147TH DISTRICT COURT
### FROM TRAVIS COUNTY

*Per curiam.*

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of driving while intoxicated and sentenced to four years' imprisonment.

Applicant contends, among other things, that he was denied adequate notice that he would be considered for release to discretionary mandatory supervision (DMS) by the Texas Board of Pardons and Paroles and that the Board failed to timely vote on such DMS release.

Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim.

App. 1960), the trial court is the appropriate forum for findings of fact. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d) to resolve the issues.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact as to whether Applicant was afforded adequate notice that he would be considered for release to DMS by the Texas Board of Pardons and Paroles. *Ex parte Retzlaff*, 135 S.W.3d 45 (Tex. Crim. App. 2004). The trial court shall also make findings on the timeliness of the Board's vote regarding such DMS release. The trial court shall supplement the habeas record with copies of the notices provided to Applicant, and the trial court shall also supplement the habeas record with copies of documents indicating when Applicant was eligible for DMS release and when the Board voted on such DMS release. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the order granting the continuance shall be sent to this Court. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be returned to this Court within 120 days of the date of this order. Any extensions of time shall be obtained from this Court.

Filed: May 20, 2015
Do not publish

-2-